IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00136-BNB

JOHN H. COOK,

      Applicant,

v.

MR. ARISTEDES ZAVARAS, and
ATTORNEY GENERAL OF THE STATE OF CO.,

      Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2009

GREGORY C. LANGHAM
CLERK

---

### ORDER OF DISMISSAL

      Applicant, John H. Cook, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Cook initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence in Teller County District Court case number 97CR15. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this habeas corpus action.

      On March 9, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On April 14, 2009, after being granted an extension of time, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and that Applicant failed to

exhaust his claims, which now are procedurally defaulted. Mr. Cook has failed to file a reply to the pre-answer response, although he was given the opportunity to do so.

The Court must construe liberally the application filed by Mr. Cook because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action as barred by the one-year limitation period and dismiss the asserted claims as procedurally barred.

Mr. Cook's conviction arose out of an incident that occurred in January 1997, when he called a massage therapist to his son's trailer in Woodland Park, Colorado, where Mr. Cook was visiting. The massage therapist later was found strangled in her car. The day after the murder, Mr. Cook fled to Nevada, where he subsequently was arrested and charged with first-degree murder, felony murder, robbery, and three habitual criminal counts. A jury convicted him on all counts except first-degree murder. He was sentenced in Teller County District Court Case No. 97CR15 to life in prison for the felony murder conviction and to a concurrent lesser term for robbery as an habitual criminal.

On direct appeal, the Colorado Court of Appeals affirmed Mr. Cook's felony murder conviction, vacated the robbery and habitual criminal convictions, and remanded for correction of the mittimus to reflect only Mr. Cook's conviction for felony murder. *See People v. Cook*, 22 P.3d 947, 954 (Colo. Ct. App. 2001) (pre-answer response at app. D, slip opinion 98CA1078 at 16). On April 23, 2001, the Colorado

2

Supreme Court denied certiorari review. On June 28, 2001, the trial court, on remand, vacated the robbery and habitual criminal convictions, and issued an amended mittimus reflecting only the felony murder conviction.

On May 29, 2001, before the new mittimus was issued, Mr. Cook filed a letter in the state trial court requesting the appointment of conflict-free counsel to assist him in filing a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. *See* pre-answer response at app. A (register of actions) at 27. On November 15, 2001, the trial court appointed counsel for Mr. Cook. *See id.* at 28. Following the death of appointed counsel, the trial court appointed new counsel, who on June 20, 2005, filed the Colo. R. Crim. P. 35(c) motion. *Id.* at 30; *see also People v. Cook*, No. 05CA2216, slip op. at 2 (Colo. Ct. App. Aug. 30, 2007) (not published) (pre-answer response at app. I at 2). On September 27, 2005, the trial court conducted an evidentiary hearing, and on September 28, 2005, denied the motion in a written order. *See* pre-answer response at app. A (register of actions) at 30-31; *see also* No. 05CA2216, slip op. at 2 (pre-answer response at app. I at 2).

The Colorado Court of Appeals affirmed. *See People v. Cook*, No. 95CA2216 (Colo. Ct. App. Aug. 30, 2007) (not published) (pre-answer response at app. I). On December 31, 2007, the Colorado Supreme Court denied certiorari review.

On December 15, 2008, Mr. Cook signed the instant habeas corpus application, which he alleges he mailed on the day before he signed the application. On January 14, 2009, the Court received the application, which was filed on January 26, 2009. Mr. Cook asserts three claims:

3

1.      that his rights pursuant to **Miranda v. Arizona**, 384 U.S. 436 (1966), were violated because the Mesquite, Nevada, arresting officer held him incommunicado for five days before Colorado law enforcement officers arrived to question him;

2.      that his **Miranda** rights were violated because the arresting officer never advised him of his rights, but instead informed him that under Nevada law no such advisement was necessary unless he had committed a crime in Nevada; and

3.      that he was kidnapped from the State of Nevada, transported by van back to Colorado while shackled with eight to ten other people under oppressive conditions, and was forced to sign extradition papers.

Mr. Cook ostensibly asserts his claims pursuant to 28 U.S.C. § 2241.  However, he specifically asks that he be released from prison and his record be expunged, or that all his convictions be reversed.  As a threshold matter, this Court must determine whether Mr. Cook's claims properly are raised pursuant to § 2241, or whether they should be recharacterized as claims pursuant to 28 U.S.C. § 2254.  "Section § [sic] 2241 is a vehicle for challenging pretrial detention, or for attacking the execution of a sentence."  **Yellowbear v. Wyoming Atty. Gen.**, 525 F.3d 921, 924 (10th Cir. 2008) (citations omitted).  "A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence."  **Id.** (citation omitted).

Mr. Cook is not in pretrial detention.  His claims, when read in conjunction with his request for relief, attack his conviction and sentence, not the execution of his sentence.  As a result, Mr. Cook's claims are cognizable only under 28 U.S.C. § 2254, and his application is subject to recharacterization.  Recharacterizing Mr. Cooks claims involves potential consequences with regard to future § 2254 claims being regarded as

4

successive. *See Yellowbear*, 525 F.3d at 924. However, because the application is untimely and all claims are procedurally defaulted whether the application is considered under 28 U.S.C. § 2241 or § 2254, prior notification will not benefit Mr. Cook.

A 28 U.S.C. § 2241 application, like a 28 U.S.C. § 2254 application, is subject to the one-year limitation period. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Cook did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on April 23, 2001, to do so.  *See* Sup. Ct. R. 13.  Therefore, figuring from April 24, 2001, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on July 23, 2001, when the time for seeking review in the United States Supreme Court expired.  *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Cook does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced.  Therefore, the one-year limitation period began to run on July 24, 2001, the day after his conviction became final, and expired on July 24, 2002.

The Colo. R. Crim. P. 35(c) postconviction motion that Mr. Cook filed on June 20, 2005, did not toll the one-year limitation period because it was filed nearly three years after the one-year limitation period expired.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the

statute of limitations"). None of the postconviction proceedings that preceded the Mr. Cook's filing of the Colo. R. Crim. P. 35(c) motion tolled the limitation period because they did not qualify as a motion for postconviction relief. *See id.* Those state proceedings, listed in the LexisNexis CourtLink database, *see* pre-answer response at app. A (register of actions), include the following:

1.   Mr. Cook's May 29, 2001, letter requesting the appointment of conflict-free counsel to help him in filing a Colo. R. Crim. P. 35(c) motion. *See* app. A at 27.

2.   On October 18, 2001, appointed counsel was permitted to withdraw and Mr. Cook was allowed to file a Colo. R. Crim. P. 35(c) motion by another attorney. *See id.* at 28.

3.   On February 25, 2002, a hearing was held on the prosecution's motion for the return of property. The record attributes a statement to defense counsel that "she is not yet clear with the 35C issues[.]  Needs more time to determine whether she needs the [victim's] car for 35C." *See id.*

4.   A follow-up hearing was held on April 1, 2002. The record states, "And 35C motion to be filed and hearing to be set." *See id.*

5.   On September 30, 2002, which was after the one-year limitation period had expired, Mr. Cook filed a motion to proceed separately from appointed counsel. *See id.* at 29. There is no indication that the court acted on the motion or that a Colo. R. Crim. P. 35(c) motion was filed.

6.   A December 6, 2002, entry indicates that appointed counsel "requests hearing on 35C motion." *See id.* The hearing was set for January 27, 2003. *See id.*

7.   A January 27, 2003, entry states "Deft has 35C motion." *See id.* There is no indication that the motion was filed.

8.     The register reflects that on January 28, 2003, a telephone conference with counsel was held at which a "hearing on 35C" was set for July 22, 2003. *See id.*

9.     The hearing was not held. According to a July 22, 2003, entry, appointed counsel died, new postconviction counsel would be appointed, and a hearing would be reset when new counsel was appointed. *See id.* at 30.

10.     New counsel was appointed on August 1, 2003. *See id.*

11.     On October 7, 2003, a defense motion to remove the trial record from Teller County District Court was denied. *See id.*

12.     On April 13, 2004, the case was closed administratively. *See id.*

13.     On June 20, 2005, counsel filed Applicant's Colo. R. Crim. P. 35(c) motion. *See id.*

The Colorado Court of Appeals also acknowledged that Mr. Cook did not file his Colo. R. Crim. P. 35(c) motion until June 20, 2005. *See* No. 05CA2216, slip op. at 2 (pre-answer response at app. I at 2). Even if this Court were to deem this action commenced pursuant to the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), on December 14, 2008, when Mr. Cook alleges he mailed the instant habeas corpus application, the application still was filed with this Court beyond the one-year limitation period. Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus

application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Cook bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Cook fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Cook fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period.

Moreover, Mr. Cook appears to have failed to exhaust state remedies. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement.

9

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Here, Mr. Cook failed to raise any of his claims on direct appeal.  *See* pre-answer response at app. B (Mr. Cook's opening brief); app. C (Mr. Cook's reply brief); and *People v. Cook*, 22 P.3d 947 (Colo. Ct. App. 2001) (app. D, slip opinion 98CA1078).  He also failed to raise any of his claims in his postconviction proceeding. *See* pre-answer response at app. G (Mr. Cook's opening brief), app. H (Mr. Cook's reply brief), and *People v. Cook*, No. 05CA2216 (Colo. Ct. App. Aug. 30, 2007) (app. I).  A search of the LexisNexis CourtLink database reveals that Mr. Cook filed two other cases in which he possibly may have raised his claims.  They are El Paso County case number 99CV32, *see* pre-answer response at app. L, and Fremont County case

number 00CV93. *See* pre-answer response at app. M. However, both cases were dismissed, and Mr. Cook did not appeal from the dismissals. Therefore, he did not finish one complete round of Colorado's established appellate review process. *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Although Mr. Cook failed to exhaust state court remedies for his claims, the Court may not dismiss the claims for failure to exhaust state remedies if Mr. Cook no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claim would be denied as time-barred, *see* Colo. Rev. Stat § 16-5-402, and as successive under Colo. R. Crim. P. 35(c)(3) because they could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VII). Therefore, the claims that Mr. Cook failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Cook's *pro se* status does not exempt him from the requirement of

demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Cook must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Cook first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Cook then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Cook fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Cook has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that his claims are procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

12

FURTHER ORDERED that the asserted claims are dismissed as procedurally barred.

DATED at Denver, Colorado, this *23* day of _____ *June* _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00136-BNB

John H. Cook
Reg No. 97002
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk